UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MONOTOR PETE**                                                   **CIVIL ACTION**

**versus**                                                         **NO. 08-4381**

**THE HONORABLE**                                                  **SECTION: "I" (1)**
**TIFFANY GAUTIER CHASE**

### REPORT AND RECOMMENDATION

Petitioner, Monotor Pete, filed in this Court a pleading entitled "Writ of *Habeas Corpus*."[1] The matter was referred to the undersigned United States Magistrate Judge for a report and recommendation for disposition.[2] For the following reasons, **IT IS RECOMMENDED** that petitioner's federal application be **DISMISSED WITHOUT PREJUDICE**.

In this action, which apparently arises out of a domestic dispute concerning payment of child support, petitioner claims that he was twice found guilty of contempt in state court. He was incarcerated on the contempt convictions from December 26, 2007, through January 30, 2008, and from July 10, 2008, through September 8, 2008. He argues that his contempt convictions were

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 12.

illegal because he was not (1) given adequate prior notice as required by state law, (2) given a reasonable bond, (3) appointed counsel, and (4) afforded "an advisory hearing" to present a defense.

The Clerk of Court docketed this matter a petition filed pursuant to 28 U.S.C. § 2241; however, it appears that it actually should be considered under 28 U.S.C. § 2254 regardless of whether it involves civil or criminal contempt.[3] See, e.g., Duncan v. Walker, 533 U.S. 167, 176 (2001) (noting that civil contempt orders are reviewable under § 2254); Farmer v. Strickland, 652 F.2d 427 (5th Cir. 1981) (challenge to criminal contempt conviction brought under § 2254). Nevertheless, for the following reasons, the instant petition should be dismissed regardless of whether it is considered under § 2254 or § 2241.

As noted below, a petitioner must first exhaust his state court remedies before seeking federal *habeas corpus* relief. Even if petitioner's instant application is otherwise proper, which

---

[3] Under Louisiana law, contempt may be either civil or criminal in nature, as follows:

> A contempt proceeding incidental to a civil action is considered to be a civil matter if its purpose is to force compliance with a court order, but is treated as a criminal matter if its purpose is to punish disobedience of a court order. In other words, an unconditional penalty, one that the party held in contempt cannot affect or end, is criminal in nature. A conditional penalty, which compels the party to comply with the court's order to end the penalty, is a civil one.

Rogers v. Dickens, 959 So.2d 940, 947 (La. App. 1st Cir. 2007) (citation omitted); see also Port v. Heard, 764 F.2d 423, 426 (5th Cir. 1985) (discussing general distinction between civil and criminal contempt). It is unclear from plaintiff's pleading whether his convictions were for civil contempt or criminal contempt.

appears doubtful at best,[4] it is still clearly subject to dismissal on the ground that he has not yet exhausted his state court remedies.[5]

With respect to actions filed pursuant to § 2254, exhaustion is expressly required by statute. 28 U.S.C. § 2254(b)(1)(A). "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). On October 27, 2008, a staff member of this Court was advised by an employee of the Louisiana Supreme Court that petitioner has filed no applications whatsoever in that court regarding these contempt convictions. By failing to present his instant claims to the Louisiana Supreme Court, petitioner has failed to exhaust his remedies in state court as required by 28 U.S.C. § 2254(b)(1)(A).

---

[4] For example, federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). Petitioner is no longer incarcerated with respect to either of the contempt convictions. Once a sentence imposed for a conviction has completely expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction. See Maleng v. Cook, 490 U.S. 488, 492 (1989).
     Additionally, pursuant to Article III, § 2 of the United States Constitution, federal courts have jurisdiction to hear only live cases and controversies; therefore, if petitioner suffers from no remaining collateral consequences as a result of the contempt convictions, the instant *habeas* petition may be subject to dismissal as moot. Port, 764 F.2d at 426-27.

[5] A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); see also Tigner v. Cockrell, 264 F.3d 521, 526 n.3 (5th Cir. 2001); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997). Accordingly, ***petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising the issue of exhaustion and that petitioner must submit any evidence or argument concerning that issue as part of any objections he may file to this report.*** See Magouirk, 144 F.3d at 359.

Moreover, the result would be the same even if the instant petition were construed as seeking relief under 28 U.S.C. § 2241. Although there is no *statutory* exhaustion requirement under § 2241, jurisprudence clearly imposes such a requirement with respect to such petitions. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995).

Because, petitioner has never presented his claims to the Louisiana Supreme Court and given that court a fair opportunity to rule on them, he simply is not entitled to federal *habeas corpus* relief under either § 2254 or § 2241.[6]

---

[6] Out of an abundance of caution, the Court notes that petitioner requests in his application that this Court, in addition to declaring his contempt convictions unconstitutional, further issue orders directing Orleans Parish Civil District Court Judge Tiffany Chase to take certain actions in the future with respect to his ongoing domestic dispute. However, "[t]his court is without authority to order officials of the state court in which [petitioner's] case is pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges." Ormond v. Sassone, Civ. Action No. 07-8827, 2008 WL 1930451, at *3 (E.D. La. Apr. 3, 2008); Mahogany v. Muwakkil, Civ. Action No. 06-3980, 2006 WL 3531643, * 5 (E.D. La. Dec. 1, 2006), appeal dismissed, 259 Fed. App'x 681 (5th Cir. 2007), cert. denied, No. 07-10809, 2008 WL 1999106 (U.S. Oct. 6, 2008).

Moreover, petitioner specifically requests injunctive relief against Judge Chase and the District Attorney. Neither request is proper.

As to request for injunctive relief against Judge Chase, such relief simply is not available in this *habeas corpus* proceeding. Further, even if the application were construed in part as a federal civil rights action, petitioner would be barred from seeking injunctive relief against the judge. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; Guerin v. Higgins, 8 Fed. App'x 31 (2nd Cir. 2001); Ormond, 2008 WL 1930451, at *3; Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F.Supp.2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000). Those requirements are not met here.

As to the request for injunctive relief against the District Attorney, petitioner has neither named the District Attorney as a party in this action nor alleged that his federal constitutional rights

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Monotor Pete be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of November, 2008.

                        **SALLY SHUSHAN**
                        **UNITED STATES MAGISTRATE JUDGE**

---

have been violated by the District Attorney.  If petitioner feels aggrieved by the actions of the District Attorney in the state court proceeding, he should seek relief from Judge Chase and, if necessary, the state's appellate courts.